UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE,<br><br>Appellants,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA16, MORTGAGE PASS-THROUGH CERTIFICATES; et al.,<br><br>Appellees. | Case No.: 16-CV-03099-AJB-KSC<br><br>**ORDER GRANTING APPELLEES' MOTION TO DISMISS APPEAL AS UNTIMELY**<br>**(Doc. No. 4)** |

Presently before the Court is Appellees the Bank of New York Mellon ("BONY"), Recontrust Company, APG Fund I, LLC, and IGA Law, APLC's (collectively referred to as "Appellees") motion to dismiss Appellants Steven and Judy Lucore's ("Appellants") appeal of the bankruptcy court's Order dated December 6, 2016, as untimely. (Doc. No. 4.) Appellants oppose the motion. (Doc. No. 6.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Civil Local Rule 7.1.d.1, the Court

1

finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Appellees' motion.

## **BACKGROUND**

Appellants are Chapter 13 debtors and have filed three consecutive motions for contempt with the bankruptcy court prior to this appeal.[1] (Doc. No. 1 at 9.)[2] Appellants' motions for contempt requested that the bankruptcy court sanction BONY for a technical violation of an automatic stay that occurred on September 2, 2011, when BONY foreclosed on real property located at 6744 Maury Drive, San Diego, CA 92119 (the "Property") on August 18, 2011, a week before Appellants filed their bankruptcy case. (*Id*.) Since BONY recorded the foreclosure deed post-petition, and one day later than state law requires, it technically violated the automatic stay. (*Id*.) Subsequently, BONY rescinded the foreclosure in July of 2013. (*Id*.)

On September 27, 2016, Appellants filed their third motion for contempt. (Doc. No. 4-5 at 4.) On December 6, 2016, the bankruptcy court denied Appellants' motion for contempt as moot and annulled the automatic stay (the "Order"). (*Id*. at 3.) In coming to this conclusion, the bankruptcy court found Appellants' delay in bringing their motion was strategic, that BONY rescinded the sale thus there were no impacts on third parties, and found that Appellants had "aggressively attempted to exploit the bankruptcy process in four separate cases in an attempt to impermissibly thwart any interest BONY may have had in the property." (*Id*. at 11-12.)

On December 5, 2016, Appellants state that they received Appellees' proposed form of order, which they believe was placed in the mail on November 28, 2016. (Doc. No. 6 at

---

[1] The bankruptcy court dismissed Appellants' first motion when their bankruptcy was dismissed for failure to amend their plan, and dismissed the second motion because it was procedurally flawed. (Doc. No. 1 at 9.)

[2] Pinpoint cites are in reference to the CM/ECF page numbers and not the numbers listed on the original document.

5.) As the time to respond to this proposed form had past, Appellants filed a request for extension of time to respond to Appellees' motion on December 6, 2016. (*Id.*)

Appellants then went on vacation from December 20, 2016, through December 24, 2016. (*Id.*) It wasn't until they returned home, that they found the Order and subsequently filed their notice of appeal on December 27, 2016, with this Court. (*Id.*; Doc. No. 1.) Appellants assert that the Order had still not been amended according to the pending disputes between the parties. (Doc. No. 6 at 5.) Appellees then filed the present motion, its motion to dismiss the appeal as untimely on January 24, 2017. (Doc. No. 4.) Appellants filed an opposition, (Doc. No. 6), and Appellees replied. (Doc. No. 7.) This order follows.

## **LEGAL STANDARD**

Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that:

> (1) Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of judgment, order, or decree being appealed.
>
> (2) A notice of appeal filed after the bankruptcy court announces a decision or order-but before entry of the judgment, order, or decree-is treated as filed on the date of and after the entry.

Fed. R. Bankr. P. 8002(a)(1)-(2). The Ninth Circuit specifies that though Rule 8002 is "not rigid," *see In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir. 1987), its time provisions are still "strictly enforce[d]." *In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) (citation omitted). Moreover, the timely appeal requirement is jurisdictional, so a failure to file a timely notice of appeal is considered a jurisdictional defect that bars appellate review. *See Wiersma v. Bank of the W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007).

A court can extend the deadline by 20 days if the court is convinced that there has been a showing of excusable neglect by the party who filed late. *Warrick v. Birdsell* (*In re Warrick*), 278 B.R. 182, 185 (B.A.P. 9th Cir. 2002). Excusable neglect pardons a late filing if the movant is prevented from complying with the deadline by "an act of God or some other circumstance beyond [the movant's] control." *Pioneer Inv. Servs. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The Ninth Circuit Court of Appeals has emphasized that the district court is best situated to make an excusable neglect determination during an appeal because they are in a better position to evaluate factors such as "whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes . . . and the likelihood of injustice if the appeal is not allowed." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). If excusable neglect is not found, appellant's notice of appeal is considered untimely and the district court lacks jurisdiction to hear the appeal. *See In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1029 (9th Cir. 1979).

## DISCUSSION

**I.     Appellees' Request for Judicial Notice**

As an initial matter, Appellees request the Court take judicial notice of the Order entered on December 6, 2016, as well as Appellants' notice of appeal, filed on December 27, 2016. (Doc. No. 4-3 at 2.) Federal Rule of Evidence 201 allows a court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b)(2); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Here, Appellees seek judicial notice of documents that are of public record. Moreover, neither party contests the validity or authenticity of the documents. Accordingly, the Court finds judicial notice of these documents to be appropriate. *See Rowland v. Paris L.V.*, No. 3:13-cv-02630-GPC-DHB, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014) (finding that "judicial notice of court records is routinely accepted"). Accordingly, the Court **GRANTS** Appellees' request.

**II.    Appellants' Appeal is Untimely**

Appellees assert that dismissal is warranted because Appellants have failed to give timely notice of appeal pursuant to the fourteen-day deadline outlined in Bankruptcy Rule

8002(a).³ (Doc. No. 4-2 at 2.) Specifically, Appellees contend that in the absence of a timely notice of appeal, the Court is without jurisdiction to consider the appeal, even if appellant demonstrates excusable neglect.⁴ (Doc. No. 7 at 2-3.)

Appellants retort that the district court should extend their time to file a notice of appeal because they did not receive notice of the entry of judgment in a timely manner.⁵ (Doc. No. 6 at 2-3.) Moreover, Appellants argue that as the Order was in dispute between the parties, and that they had filed a motion to request additional time to file an opposition to Appellees' proposed form of order, the Court should construe said motion for an extension of time as a request for additional time to file their Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)(i). (*Id.* at 3.)

First, the Court notes that both parties dispute whether the Court should apply the deadline set by Federal Rule of Appellate Procedure ("FRAP") 4 or Federal Rule of Bankruptcy Procedure Rule 8002. (*Id.*; Doc. No. 4-2 at 2.) FRAP 4 states that the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i).

The Court highlights that the advisory committee's note to Rule 8002(a) makes clear that Rule 8002(a) is an "adaptation" of FRAP 4. *See* Fed. R. Bankr. P. 8002 advisory committee notes. However, most important for purposes of this motion, the Court underlines that Rule 4 relates to the notice of appeal from civil cases. Fed. R. App. P. 4(a)(5)(A)(i). Here, Appellants are filing an appeal from a bankruptcy court order. Consequently, the Court concludes that it will follow the deadline set by Rule 8002 in this matter. *See, e.g., Shufelt v. Hall*, 163 Cal. App. 4th 1020, 1021 (2008) (applying FRAP 4

---

³The Order being appealed from was filed on December 6, 2016. (Doc. No. 4-2 at 2.) Twenty-one days later on December 27, 2016, Appellants filed their notice of appeal, which is seven days past the fourteen day deadline. (*Id.*)
⁴ Appellees cite to *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) to support this argument.
⁵ Appellants argue that the time stamp on the Order shows it was entered on December 8, 2016, at 9:19 P.M., which gives rise to the plausibility that it was entered after business hours and mailed sometime after December 9, 2016. (Doc. No. 6 at 2.)

in a civil declaratory relief action); *see also In re Souza*, 795 F.2d 855, 856–57 (9th Cir. 1986) (applying Bankruptcy Rule 8002 in deciding whether debtor's appeal from a bankruptcy court ruling was untimely filed).

Next, the Court finds that for a court to extend an appeal-filing deadline pursuant to excusable neglect, the court must consider four factors: (1) the danger of prejudice to the adverse party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith (the "Pioneer factors"). *See Pioneer Inv. Servs.*, 507 U.S. at 395.

Based on the information provided by both parties in their briefing, the Court sees no viable indication that excusable neglect should apply in this case. After weighing the four factors, the Court finds that as to the first factor, dismissing this appeal will only prejudice Appellants to a slight degree. Apart from not being able to bring their appeal, the Court highlights that BONY rescinded the sale of the Property, and that Appellants were only deprived of contempt damages in the bankruptcy court's previous order. (Doc. No. 4-5 at 12, 15.)

Second, in considering the length of delay and its potential impact on the judicial proceedings, the Court concludes that a week is not a substantial amount of time. However, there would be a massive impact on judicial proceedings in general if courts allowed a delay every time a party to an action took a vacation or did not check the docket. *See Key Bar Inv. v. Cahn*, 188 B.R. 627, 633 (B.A.P. 9th Cir. 1995) (holding that plaintiff did not get an extension for excusable neglect because he could have filed a timely notice of appeal but did not, and that inaction caused unnecessary delay and inconvenience to the court).

The third factor under Pioneer is the most important factor in determining excusable neglect. *See Cadlerock, LLC v. Becas*, No. 1:07-CV-01013-OWW, 2008 WL 2705021, at *5 (E.D. Cal. July 9, 2008) (noting that the bankruptcy court properly denied a creditor's motion to file a late appeal where, while two factors narrowly favored the creditor-shortness of delay and good faith-it was undisputed that the sole reason for the delay was

6

the negligence and inattention of the creditor's counsel). Here, in considering the reason for the delay i.e. Appellees' contention that receipt of the Order was beyond their control due to their vacation, to not excuse their failure to file a timely appeal.[6] (Doc. No. 6 at 6.) *See id.* (holding that excusable neglect was not applicable because counsel's late filing fell "squarely within his control" and was due to inattention as opposed to ill health or disability, or a failure to communicate). Moreover, the Court points out that it assumes that Appellants are well aware of or have the ability of determining the time constraints that take place in bankruptcy proceedings as the Property has been involved in four different bankruptcy cases over the past five years, and they have filed two Chapter 13 proceedings, and three contempt motions. (Doc. No. 4-5 at 5.)

Furthermore, Appellants should have been on notice that an order was to be issued as they attended the November 8, 2016 hearing regarding the Order. (*Id.* at 3.) Thus, as Appellants' late filing was within their control, the reason for Appellants' delay does not justify granting them an extension to file their appeal under the standard of excusable neglect. *See In re Estate of Butler's Tire & Battery Co.*, 592 F.2d at 1034 (holding that there existed no "unique" or "extraordinary" circumstances that would sufficiently state a claim for excusable neglect). Additionally, Appellants are responsible for checking the court docket throughout the filing process to ensure they are aware of any notices of entry of orders from the court, which they failed to do in this case. *See Warrick*, 278 B.R. at 185 (noting that it is the party's affirmative duty to monitor the courts dockets, so a failure to receive notice of entry of judgment or order is not considered excusable neglect for an untimely appeal).

---

[6] The Court further notes that Appellants' assertion that the Order wasn't mailed to them until December 9, 2016, is beside the point. (Doc. No. 6 at 2.) The Court clarifies that Rule 8002 clearly states that the deadline for filing a notice of appeal is within fourteen days of the date of <u>entry of the judgment</u>. Fed. R. Bankr. P. 8002(a)(1)(emphasis added). Thus, the date the Order was mailed to Appellants is of no significance.

Finally, the Court concludes that based on the facts asserted by both parties, it is unable to make a determination on whether Appellants acted in good or bad faith. Here, the reason for the delay is admittedly weak, however Appellees do not argue and the Court does not find any evidence that Appellants' errors resulted from willfulness or deviousness.

On a final note, Appellants argue that as they are filing *pro se*, the Court is to liberally construe their filings. (Doc. No. 6 at 6.) Consequently, Appellants request that the Court interpret their motion seeking additional time to oppose entry of Appellees' proposed form of order as a timely notice of appeal. (*Id*.) The Court disagrees with Appellants' understanding of the law. It is true that the pleading standards for *pro se* litigants are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the Court notes that *pro se* litigants must still "follow the same rules of procedure that govern other litigants." *Motoyama v. Haw. Dep't of Transp.*, 864 F. Supp. 2d 965, 976 (D. Haw. 2012) (citation omitted). Therefore, no matter how liberally the Court reads Appellants' motion seeking additional time to respond to Appellees' proposed form of order, the Court declines to use its discretion to change the very nature of the words on the page so as to construe it as a timely notice of appeal.

Accordingly, as the bankruptcy court's order was entered on December 6, 2016, (Doc. No. 4-5 at 2), Appellants had until December 20, 2016, in which to file their notice of appeal. No notice of appeal was filed until December 27, 2016, seven days after the expiration of the fourteen day period.[7] *See In re Nucorp Energy, Inc.*, 812 F.2d at 584 (the Ninth Circuit recognizes that strict enforcement of the deadline to file an appeal is "justified by the peculiar demands of a bankruptcy proceeding, primarily the need for expedient administration of the [b]ankruptcy estate aided by certain finality of orders issued by the [c]ourt in the course of administration"). Consequently, as Appellants' notice of appeal

---

[7] The Court also notes that Appellants carry the burden of proving that the failure to file a timely appeal was the product of excusable neglect. *See In re: Ateco Inc.*, 529 B.R. 298, 300–01 (Bankr. C.D. Cal. 2015); *see also In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004). The Court finds that Appellants have failed to satisfy this burden.

8
16-CV-03099-AJB-KSC

was filed past Rule 8002's deadline, and finding that the Pioneer factors weigh against a ruling for excusable neglect, Appellees' motion is **GRANTED**.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Appellees' motion to dismiss and **DISMISSES** the Appellants' appeal as untimely. Accordingly, the Court is without jurisdiction to hear this appeal. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: April 13, 2017

Hon. Anthony J. Battaglia
United States District Judge